

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WALLACE DAVIS,    )<br>                   )<br>     Plaintiff,   )<br>                   )<br>     v.            )   No. 06 C 4125<br>                   )<br>                   )<br>CITY OF CHICAGO, et al.,  )<br>                   )<br>     Defendants.   ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant City of Chicago's ("City") partial motion to dismiss Counts I and VI of the complaint. For the reasons stated below, we grant the partial motion to dismiss in its entirety.

## BACKGROUND

Plaintiff Wallace Davis ("Davis") alleges that on June 28, 2006, he was walking on a sidewalk near 2818 West Madison, in Chicago, Illinois when Defendant Officer Michelle Parkinson ("Parkinson") and other unknown City of Chicago Police officers (collectively referred to as "Officers") handcuffed him.

1

According to Davis, while he was handcuffed, he was beaten and kicked in the head, arms, legs, back, and neck and the door to a police car was slammed on his head and neck. Davis contends that after the alleged beating, he was thrown in a police car and denied medical attention.

Davis brought the instant action and includes in his complaint a claim alleging a violation of 42 U.S.C § 1983 ("Section 1983") (Count I), an assault and battery claim (Count II), a claim seeking attorney's fees (Count III), a respondeat superior claim (Count IV), an intentional infliction of emotional distress claim (Count V), and a negligent infliction of emotional distress claim (Count VI). The City now moves to dismiss Count I to the extent that it is brought against the City and to dismiss Count VI.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a

complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Kyle*, 144 F.3d at 455, and the plaintiff

3

cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

### I. Section 1983 Claim Against City (Count I)

The City argues that the court should dismiss the Section 1983 claim to the extent that it is brought against the City because Davis has not alleged that his harm resulted from a municipal policy, custom, or practice. The doctrine of respondeat superior cannot be utilized to find a municipality liable under Section 1983. *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005); *see also Bradich v. City of Chicago*, 413 F.3d 688, 690 (7th Cir. 2005)(stating that "municipalities are not vicariously liable under 42 U.S.C. § 1983 for their employees' errors" and that "[t]hey are liable only for their own policies"). In order to show municipal liability for a Section 1983 claim, a plaintiff must show that "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts

4

may fairly be said to represent official policy, inflicts the injury." *Calhoun*, 408 F.3d at 379 (quoting *Monell v. N.Y. City Dept. of Social Servs.*, 436 U.S. 658 (1978)). This policy or custom can be shown: "'(1) through an express policy that, when enforced, causes a constitutional deprivation; (2) through a 'wide-spread practice' that although not authorized by written law and express policy, is so permanent and well-settled as to constitute a 'custom or usage' with the force of law; or (3) through an allegation that the constitutional injury was caused by a person with 'final decision policymaking authority.'" *Id.* (quoting *McTigue v. City of Chicago*, 60 F.3d 381, 382 (7th Cir. 1995)).

In the instant action, Davis alleges in Paragraphs 5 and 6 of his complaint ("Paragraphs 5 and 6") that the Officers were acting "under color and pretense of the statutes, ordinances, regulations, customs and usages of the Defendant CITY OF CHICAGO . . . ." (Compl. Par. 5, 6). The City argues that since Davis contends that the Officers were acting under a "pretense," Davis' position is that the Officers were pretending to be following a City custom or usage. If that were true, then the Officers would not necessarily have been following a City custom or usage. However, the City is improperly attempting to interpret the above ambiguous allegations of the complaint in the City's favor. *Thompson*, 300 F.3d at 753. The City's argument fails to recognize that Davis alleges that the Officers acted "*under*

*color* and pretense." (Compl. Par. 5, 6)(emphasis added). Based on such wording, Davis indicates that some of the Officers' actions were made "under color" of the "statutes, ordinance, regulations, customs and usages" of the City. (Compl. Par. 5, 6). A reasonable interpretation of such language is that Davis is alleging that the Officers acted, at least in part, pursuant to the City's "statutes, ordinance, regulations, customs and usages." (Compl. Par. 5, 6). For example, a plaintiff bringing a Section 1983 claim is required to show that he "was deprived of a right secured by the Constitution or federal law, by a person acting under color of law." *Thurman v. Village of Homewood*, 446 F.3d 682, 687 (7th Cir. 2006). In such a context, the phrase "under color" means that the action is taken pursuant to something. *Id.* Thus, Davis's municipal liability claim brought against the City is not deficient merely because of the language in Paragraphs 5 and 6.

The City next argues that Davis' allegations in the complaint, including the allegations in Paragraphs 5 and 6, do not sufficiently indicate that an official City policy, custom, or practice is responsible for his alleged harm. We agree. Davis argues in his answer to the motion to dismiss that "there is reason to conclude existence of an unconstitutional municipal policy and [he is] not merely making conclusory allegations." (D. Ans. 4). That, however, is exactly what Davis has done by solely alleging that the Officers acted pursuant to City "customs and usages."

6

(Compl. Par. 5, 6).

The instant action is similar to *Latuszkin v. City of Chicago*, 250 F.3d 502 (7th Cir. 2001). In *Latuszkin*, the Court was reviewing a district court's ruling dismissing a Section 1983 claim on the basis that the plaintiff had not properly alleged that his harm was the result of a municipal policy or custom. *Id.* at 504-05. The Seventh Circuit held that the district court improperly required the plaintiff to establish the existence of such a policy or custom, but ruled that the Section 1983 claim should have been dismissed regardless. *Id.* at 505. In ruling that the claim should have been dismissed, the Seventh Circuit noted that "[t]he complaint d[id] not allege any facts tending to show that [the defendant's] policymakers were aware of the behavior of the officers, or that the activity was so persistent and widespread that [the defendant's] policymakers should have known about the behavior." *Id.* at 505. The Court also stated that "nothing in [the plaintiff's] complaint suggests that" the conduct in question "should have come to the attention of [the defendant's] policymakers." *Id.* The Court concluded that "[w]ithout a link between the [defendant] and the alleged policy, no claim for municipal liability can survive" and affirmed the dismissal of the Section 1983 claim. *Id.* at 505-06.

In the instant action, Davis has done nothing more than the plaintiff in *Latuszkin* did by stating in a conclusory fashion that the City's "customs and usages"

7

were responsible for the alleged misconduct in this action. (Compl. Par. 5, 6). Davis has not provided any allegations that would indicate that the alleged custom was widespread or that any of the City's policymakers had knowledge of such a custom. Nor has Davis presented allegations that indicate a link between the alleged misconduct and the vague reference to the City's customs. Thus, Davis has failed, as the plaintiff did in *Latuszkin*, to properly plead a municipal liability claim.

In concluding that Davis' complaint is deficient, we are mindful of the Seventh Circuit's admonition in *Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467 (7th Cir. 1997) that "there is no heightened pleading standard" for Section 1983 claims. *Id.* at 479. However, this case falls within the exception mentioned in *Lanigan*. In *Lanigan*, the Seventh Circuit discussed *Sledd v. Lindsay*, 102 F.3d 282 (7th Cir. 1996). In *Sledd* the Court had reversed a district court's dismissal of a Section 1983 claim because the district court had "jumped the gun." 110 F.3d at 479. The Court in *Sledd* held that the district court should not have dismissed the Section 1983 claim and should have allowed discovery to take place to "develop a record suitable for a summary judgment motion . . . ." *Id.* In *Lanigan*, the Seventh Circuit noted that unlike the complaint in *Lanigan*, the plaintiff in *Sledd* provided a detailed complaint that included allegations. *Id.* The plaintiff in *Sledd* alleged facts such as: "1) that the [defendant] failed to properly supervise, discipline, transfer, counsel and

8

otherwise control officers; (2) that the [the defendant] and the Police Department maintained a code of silence whereby officers would not testify against other officers who committed unconstitutional acts; (3) how the code of silence worked; and (4) how the plaintiff had been injured by the code of silence." *Id.* at 479-80. The Court in *Lanigan* ultimately concluded that the plaintiff had provided enough facts in the complaint to avoid a dismissal. *Id.* at 480. However, the Court noted that the allegations in the complaint before it were "close to the level of 'boilerplate vagueness'" that would have warranted a dismissal of the municipal liability claim. *Id.* at 480(quoting *Sivard v. Pulaski County*, 17 F.3d 185, 188 (7th Cir. 1994) which quoted *Rodgers v. Lincoln Towing Serv., Inc.*, 771 F.2d 194, 202 (7th Cir. 1985) for the proposition that "[b]oilerplate allegations of a municipal policy, entirely lacking in any factual support that a city policy does exist, are insufficient").

Davis has provided even less factual details in his complaint than the plaintiff in *Lanigan*. In *Lanigan*, the plaintiff presented allegations such as that it was "the policy of the [defendant] to put officers on the street acting under color of state law without adequate training or supervision," and that the defendant allowed an officer to work without adequate training. *Id.* at 480. In the instant action, Davis does not allege any more than that the Officers acted pursuant to the City's "customs and usages." (Compl. Par. 5, 6). Such a conclusory statement is the type of "boilerplate

vagueness" that the Court in *Lanigan* indicated would support a dismissal. Thus, Davis has failed to provide sufficient specificity in his complaint to support a Section 1983 claim against the City and we grant the City's motion to dismiss the Section 1983 claim to the extent that it is brought against the City (Count I).

II. Negligent Infliction of Emotional Distress Claim (Count VI)

The City argues that the negligent infliction of emotional distress claim (Count VI) is barred by the Illinois Local Government and Governmental Employees Tort Immunity Act ("Tort Immunity Act"), 745 ILCS 10/1-101 *et seq.* Pursuant to the Tort Immunity Act, "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct." 745 ILCS 10/2-202. Davis acknowledges that the allegations of negligence on the part of the Officers would be barred, but contends that he could proceed on the claim if he were to allege that the Officers' conduct was willful and wanton. (D. Ans. 4-5). Davis indicates that he desires to "re-plead" Count VI to correct the deficiency. (D. Ans. 5). Davis thus acknowledges the deficiency in Count VI and we agree that the negligent infliction of emotional distress claim is barred by the Tort Immunity Act. Therefore, we grant the City's motion to dismiss the negligent infliction of emotional distress claim. (Count VI).

To the extent that Davis mentioned in his answer to the motion to dismiss that he desires to amend Count VI, Davis has not filed a motion for leave to amend his complaint and an answer to a motion to dismiss is not the proper place to make such a request.

## CONCLUSION

Based on the foregoing analysis, we grant the City's motion to dismiss the Section 1983 claim to the extent that it is brought against the City (Count I), and grant the City's motion to dismiss the negligent infliction of emotional distress claim (Count VI).

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: October 18, 2006